UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07622-ODW (KSx) | Date | July 28, 2026 |
| Title | *Vardges Mkrtchyan v. Homesite Insurance Company of the Midwest et al.* | | |

| | |
|---|---|
| Present: The Honorable | Otis D. Wright, II, United States District Judge |

| | | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not present | Not present |

**Proceedings:** **In Chambers**

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* §§ 1331, 1332(a).

A notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides submit proof," and the court decides whether the defendant has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The Court has reviewed Plaintiff's Complaint and Defendant's Notice of Removal. The Court finds that neither contain allegations which on their face plausibly establish that the amount in controversy exceeds $75,000. Thus, the Court questions whether it has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).

Accordingly, the parties are **ORDERED to SHOW CAUSE**, in writing only, to be received by the Court **no later than August 11, 2026**, for why this action should not be remanded for lack of subject matter jurisdiction (specifically, with respect to the amount in controversy). The parties are encouraged to submit evidence of the amount in controversy as part of their response to this Order. Failure to timely respond to this order shall result in a remand without further warning.

**IT IS SO ORDERED**.

: 00

Initials of Preparer SE